UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT D. MITCHELL,

                        Plaintiff,                           Case Number 06-13160

v.                                             Honorable David M. Lawson
                                             Honorable R. Steven Whalen

COUNTY OF WASHTENAW, STEVE
ARMSTRONG, RICHARD ROWLEY,
and WASHTENAW COUNTY SHERIFF'S
DEPARTMENT,

                        Defendants.

_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS IN PART, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND CONTINUING ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS

This case is before the Court on the parties' objections to a report filed by Magistrate Judge

R. Steven Whalen recommending that the defendants' motion for summary judgment should be

granted in part, some defendants and claims dismissed, and the case allowed to proceed against the

remaining defendants. The lawsuit arises from a traffic stop and subsequent arrest and prosecution

of the plaintiff on July 11, 2003 in Ypsilanti, Michigan. The plaintiff alleges that he was unlawfully

stopped the defendant police officers when returning to his home in Ann Arbor after having

committed no violation; that he was improperly arrested; and that he was then prosecuted without

probable cause. He alleges claims under 42 U.S.C. § 1983 and state law. The Court entered a

general order of reference to conduct all pretrial matters, after which the defendants filed their

motion for summary judgment. Judge Whalen filed his report on February 18, 2009 recommending

that the motion be granted as to the claim of ordinary and gross negligence under state law (count

I); the claim of false imprisonment and false arrest under state law (count IV); the claim of deprivation of liberty under the Due Process Clause of the Fourteenth Amendment (count V); the state-law claim of negligent infliction of emotional distress (count II); and the claim of municipal liability against the County of Washtenaw (count VIII); and that the Washtenaw County Sheriff's Department be dismissed as a defendant.   Judge Whalen recommended denial of the motion as to the plaintiff's state-law claims for malicious prosecution (count III), intentional infliction of emotional distress (count II), and the claims under the Fourth Amendment for excessive force, malicious prosecution, and abuse of process (count VII).  Defendants Rowley and Armstrong filed timely objections; the plaintiff has not filed any objections. The matter is before the Court for a *de novo* review.

The magistrate judge summarized the facts, which need not be repeated here in detail.  It is enough to observe that the defendants initiated a traffic stop, the stop escalated into a detention, the plaintiff did not exit his vehicle, defendant Armstrong used his flashlight to break the driver's window of the plaintiff's vehicle, the plaintiff was forcibly removed and placed under arrest, after which he was prosecuted in state court.  The parties' respective versions of the salient facts differ remarkably.  However, it is undisputed that a subsequent search of the plaintiff's vehicle yielded no drugs or other contraband.  The plaintiff complained of eye and ear injuries, and he was taken to a local hospital, treated, and released.  The plaintiff was prosecuted in state court and was acquitted. The plaintiff filed an eight-count complaint alleging a due process violation, excessive force, malicious prosecution, and supervisory liability under 42 U.S.C. § 1983, and ordinary and gross negligence, intentional and negligent infliction of emotional distress, malicious prosecution, false imprisonment and false arrest under state law.

-2-

As noted above, the magistrate judge recommended dismissal of the state law claims for negligence, gross negligence, false imprisonment, false arrest, and negligent infliction of emotional distress, as well as the federal claims for violation of due process and equal protection, and the municipality liability claims against Washtenaw County. The magistrate judge also recommended dismissal of the case against the Washtenaw County Sheriff's Department. The plaintiff does not challenge those determinations; therefore, the Court may and does adopt the report and recommendation as to those issues. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Defendants Rowley and Armstrong filed five objections. In their first objection, they argue that the magistrate judge erroneously accepted the plaintiff's version of facts as true without corroborating evidence, he failed to review the totality of circumstances surrounding the traffic stop, and he focused too narrowly on Armstrong's suspicions prior to the stop. The Court disagrees. The magistrate judge viewed all the evidence, including statements made under oath by the plaintiff at his trial and in deposition, and drew all reasonable inferences in favor of the non-moving party, as he was obliged to do. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After reviewing the defendants' motion papers, including the exhibits furnished, the Court is satisfied that the magistrate judge properly described the factual disputes yielded by the record. Each case that raises a Fourth Amendment issue "must be judged on its own facts." *United States v. Saperstein*, 723 F.2d 1221, 1227 (6th Cir. 1983) (quoting *United States v. Mendenhall*, 446 U.S. 544, 565 n.6 (1980) (Powell, J., concurring)). If there are questions of fact related to the circumstances of the arrest, a

-3-

jury must make the determination by weighing the credibility of the evidence provided by each party. *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir. 1989).

Next, defendant Armstrong objects to the disposition of the excessive force claim against him. He contends that the plaintiff must demonstrate that force was used on his person, and there is no evidence that Armstrong used any force other than to break the car window. He insists that use of force against something other than a person is insufficient to meet the standard to proceed on a Fourth Amendment claim. Once again, the Court disagrees. The record shows that the plaintiff complained of injury from the broken glass. The hospital records rebut that claim, but the plaintiff's testimony on that point is not entirely implausible. Determining reasonableness in this context is a very fact-intensive inquiry. *Griffith v. Coburn*, 473 F.3d 650, 656 (6th Cir. 2007). Although there is a built-in measure of deference to the officer's judgment, *Dunn v. Matatall*, 549 F.3d 348, 353 (6th Cir. 2008), the Sixth Circuit has found that the definition of reasonable force also partially depends on the demeanor of the suspect. *Ibid.* (citing *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004)).

The Supreme Court recently clarified the summary judgment standard for excessive force claims, rejecting the argument that the question of objective reasonableness is a question of fact best left to the jury. *Scott v. Harris*, 550 U.S. 372, 381 (2007). Instead, at the summary judgment stage, once the court has "'determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record* . . . the reasonableness of [the officer's] actions . . . is a pure question of law.'" *Ibid.* Here, it is difficult to find that the amount of force used was objectively reasonable when viewing the facts of this case in the light most favorable to the plaintiff, even allowing for deference to the officer's judgment and the inherent danger to police

-4-

officers conducting traffic stops.  First, although the initial stop was reasonable, the officer's suspicions had been satisfied by the LEIN inquiry, and no traffic citations were issued.  At that point, the officer may still have had a reasonable suspicion because of the plaintiff's evasive responses to questions, but any suspected crimes at issue were minor ones.  The plaintiff was evasive rather than threatening.  In fact, by locking himself inside his car, he did not pose a threat to the officers or to anyone else.  The plaintiff's car was blocked in by the police cars, so he was unable to flee or use it as a weapon.  The plaintiff indicated he would agree to a canine sniff, and he also stated he would consent to a search if a superior officer was present.  These actions were likely frustrating to the officers, but they were not dangerous.  There is no evidence on the record of verbal threats, nor of a weapon.  Although the plaintiff's demeanor may not have been cooperative, there is no evidence that demonstrates it was threatening.

Additionally, there is no evidence presented that the plaintiff tried to flee or that he attempted to evade arrest.  Although there are conflicting statements of events, even if the car window was broken to free defendant Armstrong's arm, the plaintiff still did not resist arrest at that point.  There was no need for the officers to drag him from the car and throw him to the ground.   In light of all the circumstances, and viewing the facts in light most favorable to the plaintiff, the Court agrees with the magistrate judge that it was not reasonable for the officers to use rough and aggressive tactics to effectuate the arrest.

In their third objection, the defendants argue that the plaintiff had a full and fair opportunity to litigate the issue of probable cause in the earlier criminal proceeding, and he is now collaterally estopped from doing so here; therefore, they argue, the malicious prosecution claim should be dismissed.  That argument was not raised before the magistrate judge.  Rather, it was raised by the

-5-

defendants for the first time in their objections.  Courts generally will not consider arguments on review that were not raised before the magistrate judge:

> Petitioner did not raise this claim in his initial § 2255 motion.  Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation.  The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.  *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F.Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds, United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").  Because the defendants did not raise the collateral estoppel argument in their motion before the magistrate judge, they have waived it.

In their fourth objection, the defendants argue that the magistrate judge erred in accepting the plaintiff's unsupported statements in rejecting their qualified immunity defense.  The Court must reject that argument as well.  The Sixth Circuit has consistently held that "[w]here the reasonableness of an officer's actions hinge on disputed issues of fact, 'the jury becomes the final arbiter of . . . immunity, since the legal question of immunity is completely dependent upon which

view of the facts is accepted by the jury.'" *Leonard v. Robinson*, 477 F.3d 347, 354, 355 (6th Cir. 2007) (quoting *Brandenburg v. Cureton*, 882 F.2d 211, 215-16 (6th Cir. 1989)).   Therefore, "'[w]here . . . the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability,' and thus summary judgment should not be granted." *Griffith*, 473 F.3d at 656-57 (quoting *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998)); *see also Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 831 n.16 (6th Cir. 2007) (holding that "[w]here improper motivation constitutes an element of the claim . . . and the claimant has shown all other elements, a question of fact remains as to the official's intent, thereby precluding summary judgment on the basis of qualified immunity"); *Haynes v. City of Circleville, Ohio*, 474 F.3d 357, 362 (6th Cir. 2007) (stating the familiar rule that "[a]pplication of the qualified-immunity doctrine is a question of law; 'to the extent that there is disagreement about the facts . . . we must review the evidence in the light most favorable to the Plaintiff, taking all inferences in his favor'") (citation omitted).

Finally, the defendants object on the ground that the plaintiff failed to provide evidence of bad faith or malice that is required to establish a malicious prosecution claim or an intentional infliction of emotional distress claim under state law.  The defendants also claim governmental immunity based on the recent Michigan Supreme Court case of *Odom v. Wayne County*, 482 Mich. 459, 760 N.W.2d 217 (2008), which states that such immunity covers even intentional torts as long as the officer acts during the course of employment, within the scope of his authority, and his acts are undertaken in good faith.

It bears noting that the Michigan Supreme Court has expressed doubt that the state recognizes the tort of intentional infliction of emotional distress.  *See Smith v. Calvary Christian*

-7-

*Church*, 462 Mich. 679, 686 n.7, 614 N.W.2d 590, 593 n.7 (2000) (noting that the court "ha[s] not been asked to, and do[es] not, consider whether the tort of intentional infliction of emotional distress exists in Michigan."). But to the extent the tort is recognized in Michigan, "a plaintiff must prove the following elements: '(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.'" *Hayley v. Allstate Ins. Co.*, 262 Mich. App. 571, 577, 686 N.W.2d 273, 276 (2004) (quoting *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (1999)). The magistrate judge recommended denial of the motion for summary judgment because a question of fact remains whether the defendants' behavior could be found outrageous. However, the magistrate judge did not discuss the other elements of a *prima facie* case for this cause of action.

In addition to outrageous conduct, the plaintiff must also prove severe emotional distress. The only allegation the plaintiff makes on that point is that he "suffered serious and permanent body injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future." Am. Compl. ¶ 62. The only other indication about the plaintiff's damages is that he is now fearful of law enforcement officers and that he made "fearful statements" at the time he was presented to the hospital for treatment of his physical injuries suffered in the incident. *See* Pl.'s Answers to Def. Armstrong's Interrogs. 2-3, p. 4. The plaintiff has not submitted any affidavit or sworn statement describing his emotional injuries.

"The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 608-09, 374 N.W.2d 905, 911 (1985) (quoting Restatement (Second) of Torts § 46, cmt. j). Although a physical

-8-

manifestation of an emotional injury is not a *sine qua non* of recovery for intentional infliction of emotional distress, the plaintiff carries a heavier burden with respect to showing emotional injury in the absence of physical injury. *Id.* at 609, 374 N.W.2d at 911 (requiring "more in the way of outrage" in the absence of physical injury) (citation omitted). Perhaps in recognition of the axiom that "[c]omplete emotion tranquility is seldom attainable in this world," the plaintiff is not entitled to recover damages for intentional infliction of emotional distress where he supplies "no evidence of grief, depression, disruption of life style, or of treatment for anxiety or depression." *Ibid.* (quoting Restatement (Second) of Torts § 46, cmt. j).

The plaintiff has presented no admissible evidence of distress or treatment to support his allegation of emotional injury. In response to the defendants' interrogatories, the plaintiff simply indicated that his emotional distress would be proven by his testimony about the effect the incident had on his life and stated that he made fearful statements at the hospital. However, that is insufficient at the summary judgment stage of the proceedings. A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). The plaintiff has not done this, and there is otherwise no evidence in the record from which a favorable inference might be drawn on this element of the claim: the plaintiff has not submitted any admissible evidence to establish his damages (his complaint was not verified), and the only admissible allegations – those made in the interrogatories – are not sufficient to establish a claim of severe emotional distress. The plaintiff has not presented evidence of grief, depression or severe emotional distress sufficient to withstand

-9-

the defendants' motion for summary judgment on the intentional infliction of emotional distress claim.

The Court agrees with the magistrate judge as to the disposition of the defendants' motion for summary judgment with respect to all counts of the amended complaint except the claim for infliction of emotional distress.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #43] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the defendants' objections to the magistrate judge's report and recommendation [#44] are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt #38] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that counts I, II, IV, V, and VII of the amended complaint are **DISMISSED**, and the amended complaint is **DISMISSED** as to defendants Washtenaw County Sheriff's Department and the County of Washtenaw.

It is further **ORDERED** that the matter is referred to Magistrate Judge R. Steven Whalen under the previous reference order [dkt #13] to conduct all pretrial matters and prepare the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 31, 2009

-10-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2009.

s/Lisa Ware
LISA WARE